HOUSING AUTHORITY OF THE CITY OF STAMFORD
*v.* CYNTHIA DAWKINS ET AL.
(15469)

Borden, Norcott, Katz, McDonald and Peters, Js.

Argued December 4, 1996—officially released January 21, 1997

*Abram Heisler*, for the appellants (named defendant et al.).

*Eric M. Higgins*, for the appellee (plaintiff).

BORDEN, J. The dispositive issue of this appeal is whether, despite the execution of a facially valid search warrant, the exclusionary rule embodied in General Statutes § 54-33f[1] applies in a summary process action. The named defendant, Cynthia Dawkins,[2] appeals from the judgment of possession rendered in favor of the

---

[1] General Statutes § 54-33f provides: "Motion for return of unlawfully seized property and suppression as evidence. (a) A person aggrieved by search and seizure may move the court which has jurisdiction of his case or, if such jurisdiction has not yet been invoked, then the court which issued the warrant, or the court in which his case is pending, for the return of the property and to suppress for use as evidence anything so obtained on the ground that: (1) The property was seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. In no case may the judge who signed the warrant preside at the hearing on the motion.

"(b) The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.

"(c) The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial."

[2] There were two other defendants, Larry Dawkins and Horace Burrell, named in the complaint. Larry Dawkins did not appeal from the judgment. The basis of the judgment against Burrell was that the plaintiff's lease of the premises in question was with Cynthia Dawkins and that Burrell had no right or privilege to occupy the premises. That basis is unrelated to the sole claim on appeal, namely, the applicability of the exclusionary rule to this case. Therefore, we regard Cynthia Dawkins as the only appropriate appellant in this case and refer to her alone as the defendant.

plaintiff, the housing authority of the city of Stamford.[3] The defendant challenges the refusal of the trial court to hold a hearing on her motion to suppress evidence of illegal drug dealing that was gathered pursuant to the execution of a search warrant for the apartment leased by the plaintiff to the defendant. We hold that the exclusionary rule does not apply in these circumstances and, accordingly, we affirm the trial court's judgment.

The relevant facts and procedural history are undisputed. The plaintiff owns a public housing project in Stamford known as Southfield Village, in which the defendant had leased an apartment on May 10, 1994. The lease specifically prohibited the defendant from engaging in, or permitting others to engage in, drug related criminal activity on the premises. On or about May 20, 1994, and again later that week, the Stamford police, through an informant, made two controlled buys of cocaine in the defendant's apartment. On the basis of these two transactions, the police secured a search and seizure warrant authorizing the search of the apartment for evidence of the sale or use of narcotics. The warrant was executed by several Stamford police officers, as well as by Larry Cece, who was both a Stamford police officer and the chief investigator for the plaintiff. The execution of the warrant yielded marijuana and cocaine, as well as a scale, a pager, plastic sandwich bags, and many small, red plastic "zip-lock" bags commonly used to package cocaine.

Ultimately, the plaintiff brought this summary process action against the defendant, alleging that she had violated various provisions of the lease by permitting Horace Burrell; see footnote 2; to engage in drug related criminal activity in her apartment.[4] Relying on her rights

---

[3] The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

[4] Specifically, the plaintiff alleged that the defendant had violated three lease provisions. In paragraph 7 (c) of the lease, the tenant agreed to require

under the federal and state constitutions, and on General Statutes § 54-33c (a),[5] the defendant moved to suppress the evidence gathered as a result of the execution of the search warrant claiming that the warrant had been illegally executed because one of the six pages of

other persons on the premises with the tenant's consent "to conduct themselves in a manner which does not impair the safety, comfort or welfare of other tenants" in the housing project. Paragraph 9 (a) (9) of the lease required the tenant to "cause other persons who are on the premises with [her] consent to conduct themselves in a manner which . . . will be conducive to maintaining the development in a decent, safe and sanitary condition . . . ." Paragraph 9 (a) (10) (ii) of the lease prohibited the tenant or her guest from engaging in "[a]ny drug-related criminal activity on or near" the apartment.

[5] General Statutes § 54-33c provides in relevant part: "Application for warrant. Execution and return of warrant. Copy of affidavit to be given to owner, occupant or person named in warrant; exceptions. Disclosure of affidavit limited by prosecuting attorney, when. (a) The applicant for the search warrant shall file a copy of the application for the warrant and all affidavits upon which the warrant is based with the clerk of the court for the geographical area within which the search will be conducted no later than the next business day following the issuance of the warrant. Prior to the execution and return of the warrant, the clerk of the court shall not disclose any information pertaining to the application for the warrant or any affidavits upon which the warrant is based. The warrant shall be executed within ten days and returned with reasonable promptness consistent with due process of law and shall be accompanied by a written inventory of all property seized. A copy of such warrant shall be given to the owner or occupant of the dwelling, structure, motor vehicle or place designated therein, or the person named therein. Within forty-eight hours of such search, a copy of the application for the warrant and a copy of all affidavits upon which the warrant is based shall be given to such owner, occupant or person. The judge may, by order, dispense with the requirement of giving a copy of the affidavits to such owner, occupant or person at such time if the applicant for the warrant files a detailed affidavit with the judge which demonstrates to the judge that (1) the personal safety of a confidential informant would be jeopardized by the giving of a copy of the affidavits at such time, or (2) the search is part of a continuing investigation which would be adversely affected by the giving of a copy of the affidavits at such time, or (3) the giving of such affidavits at such time would require disclosure of information or material prohibited from being disclosed by chapter 959a. If the judge dispenses with the requirement of giving a copy of the affidavits at such time, such order shall not affect the right of such owner, occupant or person to obtain such copy at any subsequent time. No such order shall limit the disclosure of such affidavits to the attorney for a person arrested

the warrant had not been given to her at the time of the search and seizure.

The trial court, however, ruled that the exclusionary rule did not apply to this case and, accordingly, denied the motion to suppress without holding a hearing thereon. Thereafter, the court, after a trial, rendered judgment of possession for the plaintiff on its complaint. This appeal followed.

The defendant makes three closely related claims, all of which rest on the premise that the exclusionary rule should apply to this case.[6] We disagree, and conclude that the trial court was correct in its determination that the exclusionary rule does not apply to this case.

This case is controlled by our recent decision in *State* v. *Jacobs*, 229 Conn. 385, 641 A.2d 1351 (1994). In *Jacobs*, we held that the exclusionary rule did not apply to a revocation of probation proceeding in which the search of the probationer's residence was conducted pursuant to a search warrant. Id., 392. We concluded that, at least in the absence of a showing that the warrant "was so patently defective that no reasonable police officer would have requested it and no reasonable judge would have issued it"; id., 394;[7] the very presence of a warrant,

---

in connection with or subsequent to the execution of a search warrant unless, upon motion of the prosecuting authority within two weeks of such person's arraignment, the court finds that the state's interest in continuing nondisclosure substantially outweighs the defendant's right to disclosure. . . ."

[6] The defendant's claims are: (1) the court improperly failed to hold a hearing on her motion to suppress; (2) the exclusionary rule should apply to summary process proceedings because there would be a strong marginal deterrent effect as a result of such an application; and (3) the rule should apply to this case because it is quasi-criminal in nature and because Cece played a dual role, as both a police officer and an officer of the plaintiff.

[7] We specifically did not decide whether such circumstances *would* require the application of the exclusionary rule to probation revocation proceedings. *State* v. *Jacobs*, supra, 229 Conn. 392.

even if not perfectly executed, "sufficiently guards against the risk that, unless the exclusionary rule applies, the officers will not be deterred from performing an illegal search." Id., 392. The summary process action in this case is a fortiori guided by the same principle. We conclude, therefore, that the exclusionary rule does not apply to this case. Accordingly, the trial court properly ruled that it did not have to hold a hearing on the defendant's motion to suppress the evidence yielded by the search.

The judgment is affirmed.

In this opinion the other justices concurred.